963 F.2d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven BOHUNIS, Plaintiff-Appellant,
v.
Charles GROSS; City of Newport Beach; Steven Natale;
Scott Harris; Armando Zatarain; Dan Boyd; Bruce
Foster; and Craig Fox, Defendants-Appellees.
 No. 88-6345.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 2, 1992.
Decided May 20, 1992.
 
 Before HUG, PREGERSON and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 On February 26, 1986, Steven Bohunis filed a civil rights action against the City of Newport Beach and several Newport Beach police officers alleging the use of excessive force in administering an alcohol blood test to which Bohunis objected. A jury returned a verdict for the defendants. Bohunis challenges the instructions given to the jury on several different grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand.
 
 DISCUSSION
 
 3
 We review jury instructions de novo to determine whether they state the law incorrectly or mislead the jury to the prejudice of the objecting party. Reed v. Hoy, 909 F.2d 324, 326 (9th Cir.1989) (modifying 891 F.2d 1421). If the law is not misstated or the jury not mislead, then we review the choice of language for the instruction for abuse of discretion. Id. See also Heath v. Cast, 813 F.2d 254, 260 (9th Cir.1987). We review a district court's refusal to give a proposed jury instruction de novo. United States v. Hernandez-Escarsega, 886 F.2d 1560, 1570 (9th Cir.1989), cert. denied, 110 S.Ct. 3237 (1990).
 
 1. Compulsory Blood Test Instruction
 
 4
 Bohunis first challenges the compulsory blood test instruction. The court gave the following instruction:
 
 
 5
 Now, upon refusal, a compulsory blood test is constitutional, provided that (a) the removal is done in a reasonable medically approved manner, (b) is incident to the defendant's arrest, and (c) is based upon the reasonable belief that the suspect is intoxicated.
 
 
 6
 Transcript of Proceedings, July 13, 1988, page 45. This instruction is based on the holding in Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826 (1966). In Schmerber, the plaintiff objected to the blood test itself, and there was no allegation of the use of excessive force.
 
 
 7
 Prior to the giving of the instruction, Bohunis entered the following objection:
 
 
 8
 [The instruction] is potentially incomplete and misleading, because it simply says that force can be used to draw blood, but it doesn't include the notion in footnote 9 of Schmerber that ... excessive force can never be used to draw blood....
 
 
 9
 Transcript of Proceedings, July 12, 1988, page 9.
 
 
 10
 A review of Schmerber indicates that counsel more likely had footnote 4 in mind. There, the Court wrote in pertinent part: "It would be a different case if the police initiated the violence, refused to respect a reasonable request to undergo a different form of testing, or responded to resistance with inappropriate force." Schmerber, 384 U.S. at 760 n. 4, 86 S.Ct. at 1830 n. 4. The use of excessive force renders a seizure unconstitutional under the Fourth Amendment. Graham v. Connor, 109 S.Ct. 1865, 1867 (1989).
 
 
 11
 In a remarkably similar case involving the same allegations of excessive force in the administering of a compulsory blood test and involving the same defendants, we considered the impact of Schmerber 's reference to excessive force on jury instructions. Hammer v. Gross, 932 F.2d 842, 845 (9th Cir.1991). We held there that "the crucial question in this case ... is whether a rational jury could conclude that the force used was excessive under the circumstances presented here." Id.
 
 
 12
 Under the given instructions, the jury in the instant matter was foreclosed from addressing "the crucial issue" of excessive force. The jury was constrained to address only whether the blood test was done in a medically approved manner, incident to Bohunis' arrest, and with the reasonable belief that Bohunis was intoxicated. We therefore agree with Bohunis that the failure to include the caveat that the use of excessive force renders a blood test unconstitutional is reversible error.
 
 2. Fact Finding By the Judge
 
 13
 Bohunis next alleges that the jury was improperly charged. Specifically, Bohunis challenges the following portion of the court's instruction to the jury:
 
 
 14
 Now, the defendants admit that on or about the date and at the time and place alleged, defendants arrested plaintiff on probable cause that he was driving while intoxicated, and explained to plaintiff that he was required to submit to a chemical test to determine the alcohol content of his blood.
 
 
 15
 Plaintiff refused to submit to such a test. In order to protect the only evidence of intoxication available, plaintiff was transported to Hoag Memorial Hospital in order to have a blood test administered.
 
 
 16
 Transcript of Proceedings, July 13, 1988, page 43. Bohunis contends that this instruction is misleading because it creates the impression that the judge is stating as fact that Bohunis was arrested upon probable cause, and that Bohunis was forced to undergo a compulsory blood test to preserve evidence of intoxication.
 
 
 17
 At the time these instructions were given, Bohunis objected as follows:
 
 
 18
 The defendants I don't believe can admit that the plaintiff was arrested on probable cause. That's their contention. They can admit that they arrested him.
 
 
 19
 It also says that "in order to protect the only evidence of intoxication available," I think that's inaccurate because plaintiff contends that there was a breadth sample. I don't think that the defendants can admit that they did this only to protect the evidence of intoxication available. They can contend that. And I think that's misleading and potentially confusing to the jury.
 
 
 20
 Id., at 56.
 
 
 21
 As noted above, we review de novo whether jury instructions mislead the jury to the prejudice of the objecting party. Reed, 909 F.2d at 326. Whether the police arrested Bohunis on probable cause and whether the blood test was taken as the only available means of preserving essential evidence are issues at the heart of the case. Bohunis contended at trial that the police lacked probable cause to arrest him, and that he had taken a breath alcohol test which rendered the blood test unnecessary.
 
 
 22
 The judge apparently did not intend to give the jury instructions as to the facts of the case, and was careful to instruct the jury that the jury was responsible for making all factual determinations. Nevertheless, in reviewing the given instructions, we conclude that the judge's statements concerning probable cause for the arrest of Bohunis and the motivation of the police in drawing a blood sample are misleading. These statements seem to admit as fact, with the concurrence of the judge, what are in reality contentions of the defendants. Because probable cause and police motivation are at the center of the controversy, we believe that these statements prejudiced Bohunis' case, and are cause for reversal.
 
 3. Excessive Force Instruction
 
 23
 Bohunis also challenges the excessive force instruction given by the court. The court gave the following instruction:
 
 
 24
 A court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of the injury inflicted, and whether the force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm.
 
 
 25
 Transcript of Proceedings, July 13, 1988, at page 37 (emphasis added).
 
 
 26
 The defendants contend that Bohunis is barred from challenging this instruction on appeal because it was Bohunis who offered the instruction. Bohunis did not object to the instruction when it was given, as required by Federal Rule of Civil Procedure 51.
 
 
 27
 Bohunis responds that when he offered the instruction, it was good law, but that subsequent decisions have cast doubt on the propriety of the instruction. The underscored language has recently been repudiated by the Supreme Court. Graham v. Connor, 109 S.Ct. 1865, 1872-73 (1989). Bohunis argues that he should be able to challenge the instruction, citing our retroactive application of the Graham analysis. Reed, 909 F.2d at 327-328, Eberle v. City of Anaheim, 902 F.2d 814, 820 (9th Cir.1990), Hammer v. Gross, 932 F.2d 842, 846 (9th Cir.1991).
 
 
 28
 Because we reverse on the two grounds previously discussed, we decline to address this argument fully. We note here only that there may be a conflict in our circuit between Eberle, where Graham is held to apply retroactively although no objection was taken at the time the challenged instruction was given, and Hammer, which holds that Graham cannot be applied retroactively unless the challenged instruction was objected to when first given.
 
 4. Requested Instructions
 
 29
 Finally, Bohunis challenges the district court's refusal to give his proposed instructions regarding the liability of Newport Beach and the police chief. As noted above, we review de novo a district court's refusal to give proposed jury instructions. Hernandez-Escarsega, 886 F.2d at 1570. A district court does not err in rejecting a requested jury instruction as long as the instructions given fairly and adequately instruct the jury. Id. Although the instructions the judge gave did not use the same language as that offered by Bohunis, we believe that the judge did adequately instruct the jury regarding when Newport Beach and the police chief could be held liable.
 
 CONCLUSION
 
 30
 We hold that the district court erred in its instructions on the compulsory blood tests and in advising the jury of the defendants' "admissions" concerning probable cause and the motivation for the compulsory blood test. We do not reach Bohunis' argument regarding the excessive force instruction, and we reject his challenge to the district court's refusal to give the proposed liability instructions. We REVERSE and REMAND.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3